# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| PLAINS SOUTHCAP LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 13-0409-WS-M |
| | ) |
| CITY OF SEMMES, ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on "Defendant City of Semmes, AL's Motion to Compel Joinder of Necessary Parties Pursuant to Fed. R. Civ. P. 19(a)" (doc. 23). This Motion, filed on the afternoon of August 27, 2013, bears directly on the propriety of proceeding with the scheduled August 29 hearing on plaintiff's Motion for Issuance of Preliminary Injunction (doc. 14) with the present constellation of litigants. Therefore, the Rule 19(a) Motion is taken under submission on an immediate and expedited basis. Also, the Court has received and reviewed plaintiff's Response (doc. 26) filed on the morning of August 28, 2013.

## I.     Background.

On August 8, 2013, plaintiff, Plains Southcap LLC, filed this Complaint for Injunctive Relief (doc. 1) against defendants City of Semmes, Alabama and Judith Hale, in her official capacity as Mayor of the City of Semmes, Alabama. The Complaint relates to an interstate pipeline that Plains is constructing to transport crude oil from the Ten Mile Terminal in Mobile County, Alabama to the Chevron Refinery in Jackson County, Mississippi. According to well-pleaded allegations of the Complaint, Plains, acting "through various contractors," is now constructing that pipeline within central Mobile County along a route in which Plains holds easements and rights of way acquired from the respective landowners. (Doc. 1, ¶ 3.) The gravamen of the Complaint is that defendants have taken unauthorized and illegal measures to interfere with and prevent pipeline construction work within the limits of the City of Semmes, with such measures including unauthorized stop work orders and threats to Plains and its

contractors of "arrest, criminal prosecution, and other harm if they attempt to continue work on the pipeline within the territorial limits of the City of Semmes." (*Id.*, ¶ 11.) Based on these and other allegations, the Complaint asserts a federal constitutional claim under 42 U.S.C. § 1983 that defendants have deprived Plains of its property without due process of law, and a state-law claim that defendants have intentionally, tortiously interfered with Plains' prospective business relationship with the Chevron refinery. With respect to both claims, Plains seeks preliminary and permanent injunctive relief.

Of critical importance to the instant Rule 19(a) Motion, the Complaint and plaintiff's other filings are absolutely clear that its claims are not "based on a misapplication or misinterpretation of state or local law ordinance." (Doc. 1, ¶ 16.) In other words, Plains is not challenging whether it is in compliance with the City's ordinances or seeking to litigate the validity of any City findings of noncompliance.[1] Instead, the animating force of Plains' claims against the City and Mayor Hale is its emphatic contention that "[n]o law, ordinance, regulation, rule, code, statute, or any other legally enforceable principle authorized either the Mayor's decree [that she would not allow the Plains pipeline to pass through the City] or any action by the City stopping work on the pipeline." (*Id.*, ¶ 9.) The Complaint elaborates that defendants have "refused to provide, any ordinances or other valid authority that even requires permitting of Plains' activities within the City or which provides any basis for the action taken by the City." (*Id.*, ¶ 10.)[2] Simply put, plaintiff's theory is not that it and its contractors are in compliance with the City of Semmes' ordinances relating to erosion control, silt fencing or anything else. Rather, plaintiff's theory is that the City of Semmes has no ordinances that would allow it to interfere

---

[1] As plaintiff puts it, "Evidence concerning plaintiff's compliance with Semmes' interpretation of its permitting requirements, such as silt fencing and other erosion control devices, is irrelevant to the preliminary injunction." (Doc. 21, at 3.)

[2] Again, plaintiff amplifies and reinforces this point in other court filings as follows: "The complaint … assert[s] a claim that the defendants purported to demand work permits from Plains, pulled those work permits, and issued stop work orders, ***despite the fact that no City ordinance required or authorized any of that.***" (Doc. 21, ¶ 2 (emphasis added).) In plaintiff's words, "Stated simply, the claim is that the City has no ordinance or other code, law, etc. regulating Plains' pipeline construction work within the city." (Doc. 15, at 5.) "The claim here is not that defendants misinterpreted or misapplied a statute or ordinance applicable generally to the citizenry of Semmes." (*Id.* at 7.)

with Plains' pipeline construction activities in this manner, such that defendants' actions are entirely lawless and unauthorized as a matter of law.

Now, two days before the preliminary injunction hearing, the City has filed a nine-page Motion to Compel Joinder pursuant to Rule 19(a), Fed.R.Civ.P. The City argues that two of Plains' contractors on the job site, Energy Services South and Power Performance, are needed for just adjudication of this matter. In that regard, plaintiff shows that Energy Services South is managing and performing erosion control activities at the pipeline construction site and that Power Performance is supervising the work performed by Energy Services South. Plaintiff has not brought claims against Energy Services South or Power Performance, and neither entity is presently a party to this litigation. Among other things, the City posits that the joinder of Energy Services South and Power Performance is "necessary for the determination of whether plaintiff will suffer an irreparable injury." (Doc. 23, at 3.) Obviously, the irreparable harm inquiry is a critical component of the Rule 65 preliminary injunction analysis, so the City appears to be arguing that the Motion for Preliminary Injunction cannot fairly be addressed unless and until Energy Services South and Power Performance are joined as defendants. That stated concern has prompted the Court to accelerate review of the Rule 19(a) Motion to ensure adjudication of same in advance of the scheduled preliminary injunction hearing.

**II.     Analysis.**

Under Rule 19, "[a] party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). By the plain text of the rule, the three scenarios in which Rule 19(a) joinder of an absent party is necessary are as follows: (i) inability to grant complete relief to existing parties; (ii) a likelihood that the absent party's ability to protect its interest in the subject of the action will be impaired or impeded; or (iii) a substantial risk that an existing party will incur double, multiple, or otherwise inconsistent obligations because of the absent party's interest in the litigation. In determining whether joinder of the party in question is required under Rule 19(a), "pragmatic concerns, especially the effect on the parties and the

litigation, control." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1280 (11th Cir. 2003) (citations and internal quotation marks omitted).[3]

The City insists that all three of the Rule 19(a) disjunctive factors are present here. As to the first factor, the City theorizes that if Energy Services South and Power Performance "failed to follow the appropriate laws or properly perform any applicable contract, the Plaintiff then has every opportunity to and right to take legal action against these parties for any and all wrongs, delays, monetary damages, or otherwise, caused by any Contractor's failure to comply." (Doc. 23, at 4.) In the City's view, then, unless Energy Services South and Power Performance are joined as defendants, the availability of money damages to Plains "will remain unknown." (*Id.* at 5.)[4] With respect to the second factor, the City reasons that these contractors will be prejudiced in the absence of joinder because "litigation without the Contractors would only serve to impede the Contractors' interest in resolving all liabilities surrounding the construction of the pipeline." (*Id.* at 6.) Finally, the City claims that the third Rule 19(a) factor also applies here because "[t]o allow the Contractors to proceed with the pipeline construction while enjoining the City from enforcing its local laws in the process would subject the City to complaints, claims, and other potential liability from its citizens and regulatory agencies." (*Id.* at 7.)

The problem with all of these arguments is that they proceed from a fundamental misreading of the Complaint. Implicit in the City's contentions is an assumption that this litigation is about whether Plains and its contractors are in compliance with applicable law. Not so. Plaintiff, not defendants, is the master of the complaint. *See, e.g., United States v. Jones*, 125 F.3d 1418, 1428 (11th Cir. 1997) ("The plaintiff is the master of the complaint. The plaintiff selects the claims that will be alleged in the complaint."). As explained in detail in the Complaint and plaintiff's other filings, Plains has structured its lawsuit not to ask this Court to determine whether its pipeline construction activities in Semmes do or do not comply with any

---

[3] The Court observes that the first two paragraphs of the "Argument" section of the City's memorandum of law are lifted verbatim and without attribution from *Alfa Life Ins. Corp. v. Advantage Consulting Group, Inc.*, 236 F.R.D. 570, 571 (M.D. Ala. 2006).

[4] The City's reasoning is that this matters for the preliminary injunction "irreparable harm" analysis because, if Plains can be made whole by recovering monetary damages from its contractors, there is no irreparable harm justifying a preliminary injunction against the City.

City ordinance, regulation, law or anything else. Instead, Plains' claims and its accompanying requests for preliminary and permanent injunctive relief are rooted in the notion that "the City has no ordinance or other code, law, etc. regulating Plains' pipeline construction work within the city." (Doc. 15, at 5.) In the context of this claim of official lawlessness by the City of Semmes and its Mayor, it is simply irrelevant whether Energy Services South and Power Performance have followed any ordinances, laws, and so forth. Again, the claim is that no such ordinances or laws authorize the City to regulate or halt Plains' pipeline construction activities. Far from seeking an injunction preventing the City from enforcing applicable ordinances against Plains' contractors, plaintiff seeks an injunction on the ground that no such ordinances exist.

All of the City's Rule 19(a) arguments break down in the face of this inescapable reality. It is wholly unpersuasive for the City to suggest that Plains cannot obtain an injunction because it might recover money damages from Energy Services South and Power Performance for the City's alleged "arbitrary power-wielding" in enforcing "a mythical ordinance, with the threat of criminal sanctions, for the purpose of stopping construction of the pipeline." (Doc. 15, at 5.) Thus, the "impossibility of granting complete relief" factor is inapplicable. Likewise, contrary to the City's argument, Energy Services South and Power Performance lack "a substantial interest in defending the integrity of their actions" (doc. 23, at 5) for the simple reason that the integrity of their actions is not at issue in the Complaint. Plaintiff's claims do not ask this Court to pass on whether the contractors' conduct was "legally deficient," but rather ask this Court to find that the City has no ordinances or other legal provisions that even reach this situation, much less authorize defendants' actions. And the Court perceives no risk of legal whipsawing or inconsistent obligations to any party by allowing this litigation to proceed in the absence of Energy Services South and Power Performance. Again, the issue presented in this lawsuit is not whether these contractors performed as they should have, but whether the City possesses any legal authority to regulate Plains' activities, issue stop work orders, and the like, or whether it has singled out Plains with an arbitrary, abusive and unauthorized exercise of governmental power to promote the Mayor's personal agenda. The City cannot reframe the Complaint into something it is not, but must instead play plaintiff's claims as they lie. Energy Services South and Power Performance are not necessary parties to those asserted claims.

## III. Conclusion.

For all of these reasons, Defendant City of Semmes, AL's Motion to Compel Joinder of Necessary Parties Pursuant to Fed. R. Civ. P. 19(a) (doc. 23) is **denied**.

DONE and ORDERED this 28th day of August, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE